## NORRINGTON *v.* MERCHANTS' NAT. BANK.

*(Circuit Court, D. Rhode Island. September 29, 1885.)*

PATENTS FOR INVENTIONS—NOVELTY—INFRINGEMENT—POCKET CHECK-BOOK.
   Letters patent No. 203,365, granted to Henry II. Norrington, May 7, 1878, for an improved pocket bank check-book, *held* valid, and infringed by defendant.

In Equity.
*Benj. F. Thurston* and *Wilmarth H. Thurston*, for complainant.
*Frost & Coe*, for defendant.

COLT, J. This bill in equity is brought for alleged infringement of letters patent granted to the complainant, dated May 7, 1878, and numbered 203,365, for improvement in bank check-books. The invention is adapted especially to pocket check-books. In a check-book it is necessary that there should be some provision for keeping a record of the checks drawn, of the amounts deposited, and the balance on deposit, in order that the user may always have at hand a full and accurate account of his transactions with the bank. A pocket check-book commonly contains but one check to a page. Formerly the record of checks and deposits was usually made by constructing each check with a stub at its rear end, from which stub the check was torn when used. The first improvement to which we are referred appears in the Waring patent. In the Waring check-book two checks are folded over upon each stub-sheet, which is of the same size as the checks. Upon one side of the stub-sheet is kept a record of the two checks drawn, and upon the other side an account of the deposits made and balance in the bank. A disadvantage attending the use of the Waring book arises from the fact that the two checks being folded down upon the stub-sheet renders it necessary, in order to obtain access to one side of such stub-sheet at any time before both checks have been torn out, to fold out the superimposed check or checks, and afterwards to fold the same back into place. It seems also that the book, owing to its construction, is quite expensive. The next improvement in this class

of check-books is contained in the Johnson patent. In the Johnson book the unfolding and refolding of the checks is avoided. The checks are not secured to and folded over upon the stub-sheets, but both the stub-sheets and the check-blanks are bound together at their ends, the whole being arranged so that two check-blanks are interposed between each pair of stub-checks. Both Waring and Johnson employ a stub-blank substantially like that of an ordinary check-book, and the stub-sheet employed is adapted to be used on both sides in order to keep a full record of all transactions with the bank. In the complainant's patent we find employed a record sheet, adapted to keep on one side a complete, compact, and continuous record of all transactions with the bank, and so arranged, in reference to the check-blanks to be used therewith, that the condensed record shall always be in sight when each check is filled. The claim of the patent is as follows:

"A check, draft, or other book of similar character, made without stubs or stub-blanks, and consisting of a leaf marked or printed on one side to form a blank, for keeping a compact, continuous record of the business to which the book relates, followed by a series of leaves of blank checks for use in connection with it, as shown and described; the whole arranged and bound, as shown and set forth, so that the index or condensed record, when the book is open, shall be opposite the check to be filled, as specified."

Upon inspection it is clear that neither the ordinary check-book nor the improvements of Waring and Johnson contain the special features found in the Norrington patent. The defendant's check-book consists of a cover with pockets. Within this cover a pad of check-blanks is secured by inserting a paste-board lip attached thereto into one of the pockets of the cover, and opposite to these check-blanks are secured the requisite number of record sheets by inserting a similar paste-board lip, to which they are attached, into the opposite pocket. It is obvious that this book is made without stub or stub-blanks; that it has in place thereof a record sheet for keeping a compact, continuous record of the business with the bank; that it has a series of blank checks for use in connection with such record sheet; and that the record sheet and checks are arranged so that the record, when the book is open, is opposite the check to be filled. The fact that in the defendant's check-book the record sheets are not interposed between series of check-leaves, but bound together separately, and that the record-leaves and check-blanks are not permanently bound together, will not relieve the defendant from the charge of infringement. These are unimportant differences in construction. In defendant's check-book we find a record sheet like the Norrington patent, and a series of blank checks for use in connection therewith. By the language of the claim the record-leaves and blank checks are arranged and bound so that the index or condensed record, when the book is open, shall be opposite the check to be filled. This we also find in defendant's book. The manner of binding is immaterial. There is nothing in the specification or claim which limits the Nor-

rington book to any particular form of binding, and the defendant cannot escape the charge of infringement by holding together the record-leaves and blanks checks by other well-known means.

A decree must be entered for the complainant.